**ASHETON B. CALL, P.C.**
**2950 North Dobson Road, Suite #6**
**Chandler, Arizona 85224**
**Asheton B. Call #016872**
**Telephone (480) 969-7999**
**Facsimile (480) 892-6015**
**acall@callbklaw.com**

**Attorneys for Debtors**

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | In Proceedings Under |
| ) | Chapter 13 |
| RICHARD GENE WITT, ) | |
| # XXX-XX-9899 ) | Case No. **4-08-bk-18760 PL EWH** |
| ) | |
| and ) | **CHAPTER 13 PLAN AND** |
| ) | **APPLICATION FOR PAYMENT** |
| ELEANOR ANN WITT, ) | **OF ADMINISTRATIVE EXPENSES** |
| # XXX-XX-4938 ) | |
| ) | ☑ Original |
| ) | ☐ Amended |
| ) | ☐ Modified |
| Debtors. ) | |
| ) | |

Your rights may be affected by this Plan. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This Plan does not allow claims or affect the timeliness of any claim. To receive payment on an unsecured claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. Except as provided in §1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

☐  This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are: _____

(A)  **Plan Payments and Property to be Submitted to the Plan.**

   (1)  Plan payments start on January <u>24</u>, 2009. The Debtor shall pay the Trustee as follows:
   $3,396.00 each month for month 1 through month 60. representing the $1,261.00 per month mortgage payment to be paid by Trustee to mortgage company and $2,135.00 per month Plan payment.

   The proposed Plan duration is 60 months. The applicable commitment period is 60 months. Section 1325(b)(4).

   (2)  Debtor will submit the following property in addition to Plan payments. **None**

1

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. §586(e), the Trustee may collect the percentage from all payments and property received, not to exceed 10%.

(C) **Treatment of Administrative Expenses and Claims.** Except as specified for adequate protection payments under (C)(1), or otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1) *Adequate Protection payments.* Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full unless the confirmed Plan or a court order specifies a different amount. **If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan, file a motion pursuant to §§363, 363 or do both.**

| **Creditor** | **Property Description** | **Monthly Amount** |
|---|---|---|
| Wells Fargo Auto Finance | 2006 Chevrolet C1500 | $96.00 |
| Wells Fargo Auto Finance | 2005 Kia Sedona | $107.00 |
| Funancing/GEMB | 1999 Honda CBR | $50.00 |
| Funancing/GEMB | 2008 Sportsman | $61.00 |

☐ See Section (J), Varying Provisions

(2) *Administrative expenses.* Section 507(a)(2).

    (a) Attorney's fees. Debtor's attorney received $3,500.00 before filing which includes the $274.00 Court filing fee.

    See Section F for the application.

    (b) Other Administrative Expenses. **None**

☐ See Section (J), Varying Provisions.

(3) *Leases and Unexpired Executory Contracts.* Pursuant to §1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the Plan with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's proof of claim.

    **None**

(4) *Claims Secured <u>Solely</u> by Security Interest in Real Property.* Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition

arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim.

| Creditor/Servicing Agent & Property Description | Value of Collateral & Valuation Method | Estimated Arrearage | Arrearage owed Through |
|---|---|---|---|
| Taylor Bean & Whitaker 15790 W. Impala Drive Casa Grande, Arizona | $139,500.00 zillow.com values | $5,200.00 | 12/1/2008 |

\* Pursuant to standing order effective October 1, 2008 for Tucson cases, the Chapter 13 Trustee will pay $1,261.00 of each Plan payment directly to Taylor Bean & Whitaker for regular monthly mortgage payments commencing with the January 1, 2009 mortgage payment.

\*\* Real property tax claims to the Pinal County Treasurer to be paid outside of the Plan, directly to the creditor, from the mortgage escrow account.

☐ See Section (J), Varying Provisions.

(5) **Claims Secured by Personal Property or a Combination of Real and Personal Property.** Pursuant to §1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid As Secured Claim Under Plan, with such amount paid through the Plan payments. However, if the creditor's proof of claim amount is less than the Amount of Secured Claim to be Paid Under the Plan, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the Debtor may delete the proposed payment of a secured claim in the order confirming plan. If a creditor files a secured claim in an amount less than that proposed in this Plan, then the claim amount will be paid.

| Creditor/ Property description | Debt Amount | Value of Collateral/ & Valuation | Amount to be Paid on Secured Claim | Interest Rate |
|---|---|---|---|---|
| Wells Fargo Auto 2006 Chevrolet C1500 | $24,675.09 | $9,590.00 kbb.com values. | $24,675.09 | 10.93% |
| Wells Fargo Auto 2005 Kia Sedona | $19,995.97 | $10,635.00 kbb.com values | $19,995.97 | 15.05% |
| Funancing/GEMB 1999 Honda CBR | $9,309.03 | $4,985.00 kbb.com values | $9,309.83 | 21.99% |
| Funancing/ GEMB 2008 Sportsman | $6,919.55 | $6,035.00 kbb.com values. | $6,919.55 | 21.494% |

☐ See Section (J), Varying Provisions.

3

(6) *Priority, Unsecured claims.* All allowed claims entitled to pro rata priority treatment under §507 shall be paid in full in the following order:

    (a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the Plan payments. **None**

    (b) Other unsecured priority claims. **None**

☐ See Section (J), Varying Provisions.

(7) <u>Codebtor Claims</u>. The following codebtor claim is to be paid per the allowed claim, pro rata before unsecured, nonpriority claims. **None**

(8) *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (K), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

(E) **Surrendered Property.** Debtor surrenders the following property. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. ***Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor.***

| <u>Claimant</u> | <u>Property to be surrendered</u> |
|---|---|
| Premier Vacation Club aka ILX Resorts Incorprated | Timeshare |

(F) **Attorney Application for Payment of Attorney's Fees.** Counsel for the Debtor has received a prepetition retainer of $3,500.00, which includes the $274.00 Court filing fee, to be applied against fees and costs incurred. Fees and costs more than the retainer shall be paid from funds held by the Chapter 13 as an administrative expense.

☑ **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $3,500.00, which includes the Court filing fee of $274.00, to represent the Debtor with $3,500.00 to be paid up front and $-0- to be paid through the Plan. Counsel has agreed to perform the following services through confirmation of the Plan: Review of financial documents and information; consultation, planning, and advice including office visits and telephone communications; preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List; preparation and filing of Chapter 13 Plan and Plan Analysis and any necessary preconfirmation amendments; attendance at the §341(a) meeting of creditors; resolution of creditor objections and Trustee's recommendations, and attendance at hearings; reviewing and analyzing creditor claims for potential objections, and attendance at hearings regarding same; drafting and mailing of any necessary correspondence; preparation of a proposed Order Confirming Plan; and representation regarding the prefiling credit counseling and post-filing education course.

☒ **Additional Services.**  Counsel for the Debtor has agreed to charge a flat fee for the following services provided to the Debtor post-confirmation of the Plan:

Preparation and filing of a Modified Plan - $500.00.
Preparation and filing of a motion for moratorium - $500.00.
Responding to motion to dismiss and attendance at hearing - $500.00.
Defending motion for relief from the automatic stay and attendance at hearing - $500.00.
Preparation and filing of any motions to sell property or incur indebtedness - $500.00.

☒ **Hourly Fees.**  For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested.  The application must include all time expended in this case.

For services not outlined above, or should fees and costs exceed the flat fee amount as stated above in this section, counsel will file a motion and notice a separate fee application for Court approval detailing the fees and costs at $200.00 per hour attorney time and $90.00 per hour for paralegal time.

(G) **Vesting.** Vesting of property of the estate.  Property of the estate shall vest in the Debtor upon confirmation of the Plan.  The following property shall not revest in the Debtor upon confirmation.  **None**

☐ See Section (J), Varying Provisions.

(H) **Tax Returns.**  While the case is pending, the Debtor shall provide the Trustee a copy of any post-petition tax returns within thirty days after filing the returns with the taxing agency.  The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:  **None**

We the undersigned Debtors have filed all required tax returns for the four-year period preceding the petition date.  Please initial.   <u>RGW</u>    <u>EAW</u>

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions.**  The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G):

(1)    None

## PLAN ANALYSIS

(K) **Plan Summary.**  If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

<u>N/A</u>    Debtor received a discharge in a case under chapter 7, 11, or 12 during the 4-year period, or in a case filed under chapter 13 during the 2-year period, preceding the date of order for relief in this case.

<u>X</u>     Debtor's CMI multiplied by 12 exceeds the median income.

5

Estimated length of Plan: 60 months.

    (1)    Administrative Expenses:
           a.    Unpaid attorneys' fees. ………………………………….. $ -0-
    (2)    Priority Claims:
           a.    Domestic support obligation …………………………… $ N/A
           b.    Taxes …………………………………………………….. $ -0-
    (3)    Payments on Leases or to Cure Defaults, Including Interest ….. $ N/A
    (4)    Payments on Secured Claims, Including Interest …………….. $87,738.65
    (5)    Payments on Unsecured, Nonpriority Claims ………………….. $19,985.35
    (6)    SUBTOTAL ………………………………………………………………. $115,290.00
    (7)    Trustee's Compensation (10% of Debtor's Payments) ……................ $ 20,376.00
    (8)    Total Plan Payments ……………………………………………………. $128,100.00

\*\* \*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(L)    **Section 1325 Analysis.**

    (1)    Best Interest of Creditors Test:

      (a)    Value of Debtor(s)' interest in non-exempt property ………………….. $ None
      (b)    Plus: Value of property recoverable under avoiding powers……………. $ None
      (c)    Less: Estimated Chapter 7 administrative expenses ……………………. $ 100.00
      (d)    Less: Amount payable to unsecured priority creditors……………....... $ None
      (e).    **Equals:** Estimated amount payable to unsecured, nonpriority creditors
           if Debtor had filed a Chapter 7 …………………………………………… $ None

Paragraph (2) to be completed by debtor whose current monthly income exceeds the state's medial income.

    (2)    Section 1325(b) Analysis
      (a)    Amount of Line 59. Form B22C, Statement of Current Monthly Income . $ 1,167.01
      (b)    Applicable Commitment Period ……………………………………….. 60 mths
      (c)    Section 1325(b) amount ((b)(1) amount times 60) ………………..…… $70,020.60

    (3)    Estimated Payment to Unsecured, Nonpriority Creditors Under Plan….. $19,985.35

PLAN DATED this 24th day of December 2008.

/s/ Richard Gene Witt                      /s/ Eleanor Ann Witt
RICHARD GENE WITT                 ELEANOR ANN WITT
Debtor                                                         Debtor

**ASHETON B. CALL, P.C.**


/s/ ABC #016872
Attorney for Debtors